**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BARRETT BUSINESS SERVICES, INC., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CHARLES COLMENERO; et al., <br><br> Defendants - Appellees. | No. 24-770 <br><br> D.C. No. 1:22-cv-03122-TOR <br><br> MEMORANDUM* |
| BARRETT BUSINESS SERVICES, INC., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CHARLES COLMENERO, and the marital community comprised thereof; et al., <br><br> Defendants - Appellees, <br><br> and <br><br> COLMENERO, Jane Doe, First Name Unknown, and the marital community comprised thereof, ALEJO, Jane Doe, First Name Unknown, and the marital community comprised thereof, | No. 24-4474 <br><br> D.C. No. 1:22-cv-03122-TOR |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants.

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted July 10, 2025
Seattle, Washington

Before: GRABER, CLIFTON, and BENNETT, Circuit Judges.

In Appeal No. 24-770, Barrett Business Services, Inc. ("BBSI") appeals from the district court's grant of summary judgment to Charles Colmenero and his wife, Santiago Alejo and his wife, and Repsel Associates, Inc., d/b/a Personna Employer Services (collectively, "Defendants") on its trade secret misappropriation claims under Washington's Uniform Trade Secrets Act ("UTSA"), Wash. Rev. Code § 19.108.010 *et seq.*, and the federal Defend Trade Secrets Act of 2016 ("DTSA"), 18 U.S.C. § 1836(b). In Appeal No. 24-4474, BBSI appeals from the district court's award of attorneys' fees, which included non-taxable costs, to Defendants under the Lanham Act, 15 U.S.C. § 1117(a). We have jurisdiction under 28 U.S.C. § 1291. In Appeal No. 24-770, we reverse and remand, and in Appeal No. 24-4474, we affirm.

1. <u>Appeal No. 24-770</u>. Reviewing de novo and viewing the evidence in the light most favorable to BBSI, *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657 (9th Cir. 2020), we hold that the district court erred in granting summary judgment on the trade secret misappropriation claims.

"[T]he definition of trade secret consists of three elements: (1) information, (2) that is valuable because it is unknown to others, and (3) that the owner has attempted to keep secret." *Id.* at 657 (citing 18 U.S.C. § 1839(3), which defines a "trade secret" as including "compilations" that "the owner thereof has taken reasonable measures to keep . . . secret," and "derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person"); *see* Wash. Rev. Code § 19.108.010(4). As to the third element, the trade secret owner need only take "reasonable steps" to maintain the secrecy of its trade secret. *InteliClear*, 978 F.3d at 660; *see* Wash. Rev. Code § 19.108.010(4)(b). The district court ruled that BBSI had failed to raise a genuine dispute about elements (2) and (3).

　　　　A.　*Whether the alleged trade secrets were generally known and readily ascertainable by others*. Viewed in BBSI's favor, the evidence raises a genuine dispute about whether BBSI's compilations of temporary-employee information and of its clients' pricing and needs were known and readily ascertainable to others. A compilation of generally available or publicly known information may be a trade secret when the compilation itself is not generally known or readily ascertainable. *See Experian Info. Sols., Inc. v. Nationwide Mktg. Servs. Inc.*, 893 F.3d 1176, 1188 (9th Cir. 2018) (explaining that a compilation of "generally available sources that are matters of public knowledge" may be a

3　　　　　　　　　　　　　　　　　　　　　　　24-770

protected trade secret); *Boeing Co. v. Sierracin Corp.*, 738 P.2d 665, 675 (Wash. 1987) ("A trade secrets plaintiff need not prove that every element of an information compilation is unavailable elsewhere."). Evidence that a plaintiff spends a "considerable amount of money and effort in developing the compilation" supports that the compilation may not be readily ascertainable. *Experian*, 893 F.3d at 1188.

BBSI has thousands of temporary employees and maintains a compilation of its temporary employees' information, including the employees' contact information, work preferences, availability, and work abilities. BBSI obtains this information by recruiting each individual and asking them for their information. BBSI then inputs the employees' information into its system. BBSI considers its temporary employees' information confidential and requires its employees to keep its confidential information secret. A reasonable factfinder could conclude that BBSI's temporary-employee list is not generally available, as it is created through BBSI's independent recruitment efforts and is kept confidential. It would also be reasonable to infer that the list is not readily ascertainable because BBSI presumably expended a considerable amount of time and effort in recruiting thousands of employees and obtaining and inputting their information into its system. Thus, there is a genuine dispute of fact about whether BBSI's temporary-employee list is generally available and readily ascertainable.

Viewed in BBSI's favor, the evidence also raises a dispute over whether

BBSI's compilation of client pricing and needs is generally available and readily ascertainable. A reasonable factfinder could conclude that BBSI's compilation of its clients' pricing and needs is not generally available, as it is created through BBSI's independent efforts in negotiating and communicating with each client and is kept confidential. It would also be reasonable to infer that the information is not readily ascertainable, as it took BBSI a considerable amount of time and effort to obtain the information through negotiations and communications with clients over the course of several years, and not all clients openly share the price that they are willing to pay for staffing services.

B. *Whether BBSI took reasonable steps to maintain the secrecy of its alleged trade secrets*. When dealing with compilations that are alleged to be trade secrets, we ask whether the owner took reasonable steps to maintain the secrecy of the compilation as a whole, not whether it maintained the secrecy of the individual pieces of information that were used to create the compilation. *See Experian*, 893 F.3d at 1188 (holding that there was a genuine dispute over whether Experian took reasonable steps to maintain the secrecy of its compilation even though the component parts of the compilation were generally available from other sources or public knowledge); Restatement (Third) of Unfair Competition § 39 cmt. f (Am. L. Inst. Oct. 2024 Update) ("[I]t is the secrecy of the claimed trade secret *as a whole* that is determinative. The fact that some or all of the components of the trade secret

are well-known does not preclude protection for a secret combination, compilation, or integration of the individual elements." (emphasis added)).

BBSI considers its clients' pricing and needs and temporary-employee list confidential and maintains them as such by requiring all its employees to keep BBSI's confidential information secret. Indeed, by signing the acknowledgements that they had received and read BBSI's Employee Handbook and Code of Business Conduct, Colmenero and Alejo agreed to keep BBSI's confidential information secret. BBSI also has IT security policies that prevent the improper disclosure of its confidential information. All this evidence, viewed in BBSI's favor, raises a genuine dispute about whether BBSI took reasonable steps to keep secret its clients' pricing and needs and temporary-employee list. *See InteliClear*, 978 F.3d at 660 ("Confidentiality provisions constitute reasonable steps to maintain secrecy.").

2.　<u>Appeal No. 24-4474</u>. We review for abuse of discretion a district court's award of attorneys' fees under the Lanham Act. *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc) (per curiam). We review de novo the district court's interpretation of a fee-shifting statute. *Gilbrook v. City of Westminster*, 177 F.3d 839, 872 (9th Cir.), *as amended on denial of reh'g* (July 15, 1999).

The district court did not abuse its discretion in deciding that this was an "exceptional case[]" warranting an award of attorneys' fees under 15 U.S.C.

§ 1117(a). The district court applied the correct totality-of-the-circumstances standard and identified the proper nonexclusive factors that should be considered. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 & n.6 (2014). Focusing on the "objective unreasonableness" factor, *id.* at 554 n.6, the district court reasonably determined that BBSI's Lanham Act claim was objectively unreasonable because BBSI's supporting evidence was "extraordinarily weak."

BBSI's primary allegation supporting its Lanham Act claim—that Defendants had "posed as agents of BBSI to Jewel [Apple] or negligently allowed Jewel [Apple] to believe they were agents thereof"—was refuted by undisputed evidence from Jewel Apple's managing agents and BBSI's own employee. BBSI's remaining evidence was weak and speculative. Defendants used their own name and logo on the agreement allegedly copied from BBSI, undercutting any claim that Defendants' use of the agreement created confusion about which company Colmenero and Alejo represented. And it would be speculative to conclude that Defendants posed as BBSI agents based on evidence that a potential client met with an unidentified man and woman claiming to be owners of BBSI.

We also reject BBSI's argument that, under *Rimini Street, Inc. v. Oracle USA, Inc.*, 586 U.S. 334 (2019), non-taxable costs may not be awarded under 15 U.S.C. § 1117(a). In *Grove v. Wells Fargo Financial California, Inc.*, 606 F.3d 577, 580 (9th Cir. 2010), we held that non-taxable costs may be awarded as part of an

attorneys' fee award under the Fair Credit Reporting Act. We later extended that holding to attorneys' fee awards under the Lanham Act. *Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F.3d 677, 690 (9th Cir. 2012), *abrogated on other grounds by SunEarth, Inc.*, 839 F.3d 1179. *Rimini* is not "clearly irreconcilable" with this precedent. *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). *Rimini* held that "the Copyright Act's reference to 'full costs'" does not "authorize[] a court to award litigation expenses beyond the six categories of 'costs'" identified in 28 U.S.C. §§ 1821 and 1920. 586 U.S. at 336. But the Court never addressed whether costs beyond the categories in §§ 1821 and 1920 could be awarded as reasonable attorneys' fees. Thus, we remain bound by *Grove* and its progeny.

**Appeal No. 24-770: REVERSED and REMANDED.**

**Appeal No. 24-4474: AFFIRMED.**[1]

---

[1] The parties shall bear their own costs on appeal in both cases.